**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MURIEL MONTIA, individually and as executor of the estate of Mildred Davis,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JACQULINE D. WILLS, in her official capacity as Clerk for Clayton County Court, CLAYTON COUNTY GOVERNMENT,**<br><br>**Defendants.** | **1:16-cv-3303-WSD** |

**OPINION AND ORDER**

This matter is before the Court on Defendants Jacqueline D. Wills ("Wills") and Clayton County's (together, "Defendants") Motion to Dismiss Plaintiffs' Complaint [4] ("Motion to Dismiss").

## I. BACKGROUND

On April 11, 2016, the Clayton County Magistrate Court issued a writ of possession against Plaintiff Muriel Montia ("Plaintiff") and in favor of PennyMac Corporation ("PennyMac"). (Compl. ¶ 7; [1.4]; [1.6]). Later that day, Plaintiff filed a notice of appeal and paid $187.50 in filing fees. ([1.4]). The court required an additional payment of $39.50 to process the appeal. ([1.5]). On April 20, 2016,

the Magistrate Court Clerk's office ("Clerk's Office") sent a letter to PennyMac, stating that Plaintiff's appeal would be dismissed if she did not "remit full payment" within ten days. ([1.5]). The Clerk's Office did not send Plaintiff a copy of this letter and, on May 12, 2016, without her knowledge, Plaintiff's appeal was dismissed for failure to pay the required fees. ([1.6]; Compl. ¶¶ 9-10).

On June 15, 2016, Plaintiff called the court to inquire about the status of her appeal. (Compl. ¶ 9). She was told, incorrectly, that the appeal was "pending." (Compl. ¶ 10). On July 19, 2016, the Clayton County Sheriff executed the writ of possession and removed items from Plaintiff's home. (Compl. ¶ 11; [1.6]). Several of Plaintiff's items were "destroyed, broken or stolen" during the eviction. (Compl. ¶ 13). Later that day, the Magistrate Court of Clayton County discovered its "clerical error regarding the payment of appeal costs," stayed the writ of possession, vacated its order dismissing Plaintiff's appeal, and reinstated Plaintiff's appeal. ([1.6]; Compl. ¶ 13).

Plaintiff alleges that the Clerk's Office "misstated and concealed numerous relevant facts which mislead [sic] Plaintiff to believe her appeal was pending," "concealed and mishandled Plaintiff paperwork so as to appear that Plaintiff had not paid for the appeal," and "concealed paperwork by mailing to opposing counsel." (Compl. ¶¶ 19-21). Plaintiff claims this misconduct occurred because

Wills "fail[ed] to adequately train the employee of the County's Magistrate Court" and because Clayton County has deficient "customs, policies, or practices." (Compl. ¶¶ 23-24).

On September 1, 2016, Plaintiff filed her Complaint [1], asserting claims, under 42 U.S.C. § 1983, for "deprivation of property without due process of law in violation of the Fourteenth Amendment" (Count 1), and "maintain[ing] customs, policies, or practices exhibiting deliberate indifference to the constitutional rights of persons who came into contact with the Courts of the Defendant, Clayton County, which caused Plaintiff's rights to be violated" (Count 2). (Compl. at 5, ¶ 24). The Complaint also asserts state law claims for negligence (Count 3) and "intentional infliction of emotional distress, trespass to land, trespass to chattel, misrepresentation, wrongful eviction and civil theft" (Count 4). Plaintiff seeks attorney's fees (Count 5) and damages (Count 6). (Compl. ¶¶ 29-36). On October 4, 2016, Defendants filed their Motion to Dismiss, seeking dismissal of Plaintiff's Complaint.[1]

---

[1] On October 19, 2016, Plaintiff filed her response to Defendants' Motion to Dismiss, asserting several factual allegations not included in her Complaint. ([8]). The Court declines to consider these allegations in evaluating the sufficiency of the Complaint. See Mitchell v. Thompson, 564 F. App'x 452, 458 (11th Cir. 2014) (declining to consider allegations included in a response brief because plaintiff "never sought to amend his complaint to add these allegations"); Milburn v. United

## II. DISCUSSION

### A. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). The Court is not required to accept, as true, conclusory allegations or legal conclusions. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); see Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." (quoting

---

States, 734 F.2d 762, 765 (11th Cir. 1984) ("Consideration of matters beyond the complaint is improper in the context of a motion to dismiss."); Brown v. J.P. Turner & Co., No. 1:09-cv-2649, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011) ("[A]n allegation, made for first the time in response to a motion to dismiss, is plainly inappropriate.").

Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotation marks omitted))).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

B. Plaintiff's § 1983 Claim against Clayton County

Plaintiff asserts a § 1983 claim against Clayton County, alleging that the county's "dispossessory actions occurred in the absence of notice or opportunity to be heard, and constituted an unlawful deprivation of property without due process of law." (Compl. ¶ 22). Plaintiff states that Clayton County "maintained customs,

policies, or practices exhibiting deliberate indifference to the constitutional rights of persons who came into contact with the Courts of the Defendant, Clayton County, which caused Plaintiff's rights to be violated." (Compl. ¶24).

"[T]o impose § 1983 liability on a municipality [such as Clayton County], a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); see Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) ("It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983.").

1. Whether Plaintiff Adequately Alleges a Constitutional Violation

Plaintiff's § 1983 claim asserts a violation of her procedural due process rights under the Fourteenth Amendment. "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006). "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due

Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

"Georgia law provides a postdeprivation remedy through an action for conversion of personal property, which is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers." Pierce v. Georgia, No. 6:17-cv-31, 2017 WL 1363319, at *3 (S.D. Ga. Apr. 11, 2017); see Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) ("[A] civil cause of action for wrongful conversion of personal property under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers."). This remedy arises under O.C.G.A. § 51-10-1, which provides that "[t]he owner of personalty is entitled to its possession [and] [a]ny deprivation of such possession is a tort for which an action lies." O.C.G.A. § 51-10-1; see Pierce, 2017 WL 1363319, at *3. Because Plaintiff has an adequate post-deprivation remedy under Georgia law, she fails to state a procedural due process claim under the Fourteenth Amendment.[2] See Morefield v. Smith, 404 F. App'x 443, 445 (11th Cir. 2010) ("Morefield had an adequate post-deprivation remedy under state law because he could pursue a tort

---

[2] Plaintiff, in her response brief, concedes that she "maybe [sic] able to recover in the form of a tort action." ([8] at 5).

action for conversion of his personal property. See O.C.G.A. § 51-10-1 . . . . Therefore, the defendants' alleged actions could not constitute a procedural due process violation."); Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) ("The state of Georgia has created a civil cause of action for the wrongful conversion of personal property. See O.C.G.A. § 51–10–1 (1982). This statutory provision covers the unauthorized seizure of personal property by police officers. Therefore, the state has provided an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law. . . . [and] no procedural due process violation has occurred.").

Because Plaintiff has not established an underlying violation of her constitutional rights under the Due Process Clause, she fails to state a § 1983 claim against Clayton County. See Beshers v. Harrison, 495 F.3d 1260, 1264 n.7 (11th Cir. 2007) ("We need not address the Appellant's claims of municipal or supervisory liability since we conclude no constitutional violation occurred."); Vineyard v. County of Murray, 990 F.2d 1207, 1211 (11th Cir. 1993) ("Only when it is clear that a violation of specific rights has occurred can the question of § 1983 municipal liability for the injury arise."); Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999) (stating that a claim for supervisory liability fails where there is no underlying constitutional violation); Schwindt v. Hernando Cty., No. 8:13-cv-809,

2015 WL 4523096, at *2 (M.D. Fla. July 16, 2015) ("An underlying constitutional injury must be found before examining the municipality's policy or custom.").

2. Whether Clayton County had a Custom or Policy that Constituted Deliberate Indifference to Constitutional Rights

Even if Plaintiff had shown a violation of her due process rights, her § 1983 claim still would require dismissal for failure to allege that Clayton County "had a custom or policy that constituted deliberate indifference" to due process rights. McDowell, 392 F.3d at 1289. Plaintiff's Complaint identifies a single instance in which Defendants engaged in allegedly unconstitutional conduct, and "a single isolated incident is insufficient to establish a custom or policy under § 1983." Harris v. Goderick, 608 F. App'x 760, 763 (11th Cir. 2015); see Turner v. Jones, 415 F. App'x 196, 202 (11th Cir. 2011) ("[T]o establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice.").

Plaintiff's description of the custom or policy that allegedly caused her injury also lacks the requisite specificity. Plaintiff states "[i]t was the custom, policy, and/or practice of [Clayton County] to inadequately and improperly investigate complaints of misconduct," and to "inadequately supervise and train its staff." (Compl. ¶¶ 25-26). Plaintiff's Complaint does not provide further information about the allegedly deficient "custom, policy, and/or practice." This vague description is insufficient, and requires dismissal. See Grider v. Cook, 522

F. App'x 544, 548 (11th Cir. 2013) (dismissing a § 1983 claim where plaintiff "did not provide any specific facts about any policy or custom that resulted in his alleged constitutional deprivation"); Harvey v. City of Stuart, 296 F. App'x 824, 826 (11th Cir. 2008) (stating that a "plaintiff must identify a municipal policy or custom that caused his injury," and "vague and conclusory allegations" are insufficient). Plaintiff's § 1983 claim against Clayton County is dismissed.[3]

C. Plaintiff's § 1983 Claim against Wills

Plaintiff asserts a § 1983 claim against Wills "in her official capacity as Clerk for Clayton County Court." (Compl. at 1; see also Compl. at 5). "A Section 1983 claim against a government official in his official capacity is, in reality, a suit against the entity that employs the individual." Neal v. Dekalb Cty., Georgia, No. 1:16-cv-184, 2016 WL 3476873, at *5 (N.D. Ga. June 27, 2016); see Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) (naming an employee in her official capacity is "in all respects other than name, to be treated as a suit against the entity"). Plaintiff's § 1983 claim against Wills thus requires dismissal for the same reasons as her claim against Clayton County. See Thrasher v. Hall Cty., No.

3 To the extent Plaintiff asserts a § 1983 claim on the basis of Defendants' failure to adequately train their employees, this claim also requires dismissal because Plaintiff has not shown Defendants "knew of a need to train and/or supervise in a particular area and . . . made a deliberate choice not to take any action." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

2:14-cv-00148, 2015 WL 751715, at *3 (N.D. Ga. Feb. 23, 2015) ("To the extent that Plaintiff asserts liability against the individual Defendants in their official capacities, these claims are tantamount to a claim against the County and are therefore governed by the analysis for municipal liability."); Neal, 2016 WL 3476873, at *5 (same).[4, 5]

---

[4] Even if Plaintiff's Complaint could be read to assert a § 1983 supervisory claim against Wills in her individual capacity, it still would require dismissal. "[T]he standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Keith v. DeKalb Cty., Georgia, 749 F.3d 1034, 1048 (11th Cir. 2014). "Supervisory liability under § 1983 occurs when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007). "A causal connection may be established when: 1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." Id. "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Keith, 749 F.3d at 1048. Plaintiff's allegations fall well short of this standard.

[5] Because Plaintiff's § 1983 claims are dismissed, Plaintiff's federal claims for damages, punitive damages and attorney's fees also require dismissal. Cf. 42 U.S.C. § 1988 ("the court, in its discretion, may allow *the prevailing party* . . . a reasonable attorney's fee as part of the costs" in a section 1983 case (emphasis added)).

D. Plaintiff's State Law Claims

The remaining claims in this action involve only state law causes of action, over which the Court may, but is not required to, exercise supplemental jurisdiction. See 28 U.S.C. § 1367(a) (conferring on district courts supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy"). "The decision on [whether to retain jurisdiction over the state law claims] should be and is vested in the sound discretion of the district court." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002).

The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (citing L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984)); see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Judicial economy also favors the resolution in state court of state law disputes between in-state defendants. See Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between parties, by procuring for them a surer-footed reading of applicable law."); see also Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."); Hudson v. Cent. Ga. Health Servs., No. 5:04-cv-301, 2005 WL 4145745, at *10 (M.D. Ga. Jan. 13, 2005) ("[I]t is preferable for the courts of Georgia to make rulings on issues of Georgia law rather than to have federal courts do so, even when those federal courts are in Georgia.").

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are dismissed without prejudice. See McBride v. Murray, No. 1:05-cv-2547, 2006 WL 734542, at *4 (N.D. Ga. Mar. 17, 2006) ("[T]he Court declines to exercise supplemental jurisdiction over the plaintiff's state law claim. Typically, in a situation in which the Court takes this action, it dismisses without prejudice the remaining state law claims.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Complaint [4] is **GRANTED**. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 4th day of May, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE